## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

**KAYNOR STEPHEN MURITOK,**
*aka* **Kaylor Muritok**
DOB: 02/20/1998 or 02/20/1997
 or 08/09/1997

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0146-25**
GPD Report No. 25-05019/25-05021

**DECISION & ORDER
RE. DEFENDANT KAYNOR
MURITOK'S MOTION IN *LIMINE* TO
EXCLUDE MUG SHOTS**

This matter came before the Honorable Alberto E. Tolentino on August 19, 2025, for a Motion Hearing. Defendant Kaynor Stephen Muritok ("Defendant") was present with counsel Attorney Heather Quitugua. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). At the Motion Hearing, the court addressed several pre-trial motions filed by the Defendant, namely a Motion in *Limine* to Exclude Mug Shots. Following the hearing, the court took this motion under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** Defendant Kaynor Muritok's Motion in *Limine* to Exclude Mug Shots.

\\

\\

## BACKGROUND

On March 7, 2025, Defendant Kaynor Muritok was charged with CRIMINAL MISCHIEF (As a 3rd Degree Felony) and ASSAULT (As a Misdemeanor). *See* Indictment (Mar. 7, 2025). Although the People of Guam subsequently filed a Superseding Indictment on May 6, 2025, the Defendant was charged with the same offenses as the original Indictment. *See* Superseding Indictment (May 6, 2025).

Prior to this, the Defendant filed the following motions on May 1, 2025: (1) Defendant Kaynor Muritok's Motion in *Limine* Requiring Prosecution to Disclose all Agreements with Witnesses; (2) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Mug Shots ("Motion in *Limine*"); (3) Defendant Kaynor Muritok's Motion in *Limine* to Exclude All Testimony by Prosecution Experts (4) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Other Acts Evidence; and (5) Defendant Kaynor Muritok's Motion in *Limine* to Exclude Hearsay. On May 12, 2025, the Defendant also filed a Motion to Suppress Evidence.

As to the Defendant's pre-trial motions above, the People filed the following responses on May 13, 2025: (1) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Mug Shots ("Opposition"); (2) People's Non-Opposition to Defendant Kaynor Muritok's Motion to Disclose all Agreements with Witnesses; (3) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Other Acts Evidence; (4) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude Hearsay; (5) People's Opposition to Defendant Kaynor Muritok's Motion to Exclude All Testimony by Prosecution Experts; and (6) People's Opposition to Defendant Kaynor Muritok's Motion to Suppress Evidence. On June 2, 2025, the Defendant subsequently filed his Reply to the People's Opposition to Defendant Kaynor Muritok's Motion

to Suppress Evidence. In turn, the People filed a Motion for Leave of Court to file a Surreply to the Defendant's Reply on June 3, 2025.

At the Motion Hearing on August 19, 2025, the court addressed all the Defendant's pre-trial motions. After hearing arguments from both parties, the court ruled on the bench, granting Defendant Kaynor Muritok's Motion in *Limine* Requiring Prosecution to Disclose all Agreements with Witnesses and denying Defendant Kaynor Muritok's Motion in *Limine* to Exclude Hearsay. *See* Mot. Hr'g Mins. at 11:10:44AM – 12:36:09PM (Aug. 19, 2025). As to the Motion in *Limine*, the court took the matter under advisement. *Id.* at 12:40:04 – 41:14PM.

## DISCUSSION

### A. Defendant Muritok's Mug Shots are relevant under GRE 401.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401.

In the Motion in *Limine*, the Defendant seeks to exclude "any mug shots of Defendant from being introduced at trial" arguing that they are irrelevant. Def.'s Mot. *Limine* Mug Shots (May 1, 2025). Because this case involves identical twin brothers – Defendants Narson Marsian and Marson Alwis – the People state that it "may need to use the mugshots if the Defendants claim that the named victims misidentified them." Ppl.'s Opp'n Mot. *Limine* Mug Shots at 2 (May. 13, 2025). When determining the relevance of the Defendant's mug shots under GRE 401's low standard, the court finds that they are relevant as they make it more or less probable that he committed the crimes charged against him on or about the day in question. Therefore, the Defendant's mug shots are relevant.

\\

**B. The probative value of Defendant Muritok's mug shots is substantially outweighed by the danger of unfair prejudice under GRE 403.**

"As an 'umbrella rule,' Rule 403 excludes unfairly prejudicial evidence regardless of the underlying admission rule." *People v. Sablan*, 2023 Guam 4 ¶ 90 (quoting *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002) (citation omitted)). In other words, all relevant evidence must be sifted through a balancing test under GRE 403. Under this balancing test, the court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Guam R. Evid. 403. Because all relevant evidence is prejudicial against a defendant, GRE 403 asks the court to look at whether the evidence is *substantially* prejudicial before granting exclusion at trial.

During the Motion Hearing, the People called Maria Apuron, Investigator with the Office of the Attorney General of Guam. When asked why she showed mug shots to the alleged victims in this case, Ms. Apuron testified that it was for them to distinguish between the twins, Marson Alwis and Narson Marsian. *See* Mot. Hr'g Mins. at 12:03:03 – 07:48PM (Aug. 19, 2025).

Here, the Defendant is only seeking the exclusion of *his* mug shots, not mug shots of all defendants in this case. The People argued that the probative value of the mug shots of the Defendant's twin co-defendants substantially outweighs the danger of unfair prejudice based on a potential misidentification defense. Seeing that Defendant Muritok is not an identical twin like his co-defendants, and that his only commonality with them is that he is also male and Chuukese, the People have not shown otherwise; that the probative value of Defendant Muritok's mug shots substantially outweighs the danger of unfair prejudice against him. Therefore, the court finds it appropriate to exclude Defendant Muritok's mug shots at trial.

\\

## CONCLUSION

For reasons set forth above, the court hereby **GRANTS** Defendant Kaynor Muritok's Motion in *Limine* to Exclude Mug Shots.

**SO ORDERED** this _____OCT 2 8 2025_____.



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
acknowledge that an electronic
Copy of the original was e mailed to
AG, Heather Quitugua
_____
Date 10/28/25 Time 2:00pm
Albert Caldeo
Deputy clerk, Superior Court of Guam